IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:07-CV-250 |
| BECTON DICKINSON AND COMPANY, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**ORDER**

Currently before the Court is a Motion to Sever filed by Becton, Dickinson and Company ("BD") (Dkt. No. 40), a response by Retractable Technologies, Inc. and Thomas J. Shaw (collectively, "RTI") (Dkt. No. 48), a reply by BD (Dkt. No. 59), and a sur-reply by RTI (Dkt. No. 64). Also before the Court is BD's Motion to Dismiss Counts 4-7 of Plaintiff's Amended Complaint (Dkt. No. 27), RTI's response (Dkt. No. 46), BD's reply (Dkt. No. 56), and RTI's sur-reply (Dkt. No. 61). Also before the Court is BD's Motion to Stay Non-Patent Discovery (Dkt. No. 49), RTI's response (Dkt. No. 55), BD's reply (Dkt. No. 60), and RTI's sur-reply (Dkt. No. 63).

**I.   PROCEDURAL HISTORY**

RTI filed suit alleging patent infringement claims in counts 1-3 and non-patent claim in counts 4-7. Amended Complaint, Dkt. No. 22 at 27-35. The patent claims allege infringement of U.S. Patent Nos. 5,632,733, 6,090,077, and 5,578,011. *Id.* at 27-30. The non-patent claims include a false advertising claim under the Lanham Act, antitrust violations under the Sherman and Clayton Acts, a claim under the Texas Antitrust Act, and an unfair competition claim. *Id.* at 30-35.

RTI previously brought an action against BD (5:01-cv-36) and the case was dismissed due to an agreed stipulation of dismissal. Dkt. No. 456. RTI filed this action on June 15, 2007 and added Shaw in its amended complaint on September 28, 2007. *See* Dkt. Nos. 1 & 22.

BD now requests that the Court sever the non-patent claims from the patent claim pursuant to Federal Rule of Civil Procedure ("Rule") 21. Dkt. No. 40 at 4.

## II.     PARTIES' POSITIONS

BD argues that district courts have broad discretion to sever unrelated claims. Dkt. No. 40 (citing *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995)). BD argues that severance is appropriate because (1) "the patent and non-patent claims involve fundamentally different legal and factual issues"; (2) "the many issues raised in RTI's Amended Complaint would be confusing and burdensome for a single jury to address"; and (3) "severance would facilitate the most efficient management of the parties' various disputes." Dkt. No. 40 at 4. BD provides that severing antitrust and patent claims is typical. *Id.* at 6 (citing *Briggs & Stratton Corp. v. Kohler Co.*, 2005 WL 1711154, at *4 (W.D. Wis. 2005)).

RTI responds that it plans to introduce evidence relating to the commercial success, copying, sales, profits, and the presence or absence of competitive devices of its syringe products in both its patent case and its false advertising/antitrust case. Dkt. No. 48 at 1. RTI states that it is not uncommon for a court to sever antitrust counterclaims in patent infringement cases because antitrust conduct is prejudicial to patent claims. *Id.* at 2. RTI argues that this case is different because its patent claims are intertwined with its antitrust/false advertising claims. *Id.* RTI argues that severing the case under Rule 21 or bifurcating the case for separate trials pursuant to Rule 42(b) would not

promote judicial efficiency because the patent and antitrust claims are being brought by the same party and the facts issues, evidence, and witnesses overlap. *Id.* at 5-6. RTI also asserts that, unlike an antitrust counterclaim situation, a decision on the patent claim would not moot antitrust/false advertising claims and eliminate the need for a second trial. *Id.* at 8. RTI avers that severance "could cause conflicting jury verdicts and severe prejudice to [RTI]." *Id.* at 9.

BD replies that "all of the usual reasons courts routinely sever patent and antitrust claims–including the minimal overlap in documentary proof and witnesses, the fact that the patent claims are often ready for trial well before antitrust claims, and the potential for juror confusion when such complex claims are tried together–apply to RTI's claims here." Dkt. No. 59 at 2. BD notes that RTI argues that courts routinely grant a severance in "typical" patent/antitrust cases, wherein a "party is accused of abusing its ***own*** patent rights in an anticompetitive manner." *Id.* at 3 n.1. BD states that RTI's case is "atypical" because RTI "holds the asserted patents (and therefore the government-sanctioned monopoly) but conclusorily asserts that infringement of those patents by BD is somehow anticompetitive." *Id.* BD argues that courts routinely granted a severance in "typical" cases even where parties argue that the antitrust and patent claims are related. *Id.* at 3-4 (citing *Alarm Device Mfg. Co. v. Alarm Prods. Int'l, Inc.*, 60 F.R.D. 199, 202 (E.D.N.Y. 1973); *Brandt, Inc. v. Crane*, 97 F.R.D. 707, 708 (N.D. Ill. 1983)). BD states that there will be no risk of inconsistent verdicts, and even if there was an overlap, the overlap is present in virtually all patent/antitrust cases in which a severance was granted. *Id.* at 5.

RTI argues that in typical antitrust/patent cases, trying the patent claims first would moot the antitrust claims, but this is not the case here. Dkt. No. 64 at 2. RTI argues that there is an overlap

in the witnesses and evidence, even barring the Release signed in the settlement agreement of the previous case. *Id.* at 1. RTI insists that allowing separate trials may lead to inconsistent verdicts and cites to this Courts opinion of *Reid v. General Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007).

### III.   ANALYSIS

The Court first notes that in *Reid v. General Motors*, the Court ultimately determined, per its discretion, that the issues should be severed. Under Rule 21, "the court may also sever any claim against a party." As this Court noted in *Reid*, "[t]he trial court has broad discretion to sever issues to be tried before it." *Reid*, 240 F.R.D. at 263 (quoting *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)).

BD has cited to multiple cases that routinely separate patent and antitrust claims. In addition, although addressing Rule 42(b), the Federal Circuit has recognized the efficiency of separating patent and antitrust claims. *See Gardo Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) (recognizing a district court's broad discretion under Rule 42(b) in separating issues and claims for trial); *In re Innotron Diagnostics*, 800 F.2d 1077, 1084-86 (Fed. Cir. 1986) (recognizing bifurcating patent and antitrust counterclaims as a useful case management tool).

Under the Court's broad discretion to sever claims, the Court determines that severing the non-patent claims will promote judicial economy, streamline the issues presented to the jury, and avoid prejudice to either party. The Court does not determine that separate trials would lead to inconsistent results.

### IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Defendant BD's Motion to Sever (Dkt. No. 40).

Plaintiffs' patent claims 1-3 shall proceed under the above-styled case number.

It is **ORDERED** that the Clerk of the Court shall assign a new case number for Plaintiff's non-patent claims 4-7. The Clerk shall waive payment of a filing fee. The non-patent case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the conclusion of the patent case.

Due to the severance of the non-patent claims 4-7, the Court **TRANSFERS** Defendant BD's Motion to Dismiss Counts 4-7 (Dkt. No. 27) and Defendants BD's Motion to Stay Non-Patent Discovery (Dkt. No. 49) to the non-patent case number.

The final pretrial for the patent case is **SET** for **March 2, 2009** and the parties shall meet and confer regarding a scheduling order in accordance with this trial date.

It is so **ORDERED.**

**SIGNED this 17th day of January, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE