IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., et al. | § § § § § § § | |
| v. | | Case No. 2:08-CV-16-LED-RSP |
| BECTON, DICKINSON AND CO. | | |

## **MEMORANDUM ORDER**

Plaintiff Retractable Technologies, Inc. ("RTI") alleges violations of the Sherman and Clayton Acts, violations of the Texas Antitrust Act, false advertising in violation of the Lanham Act, product disparagement, tortious interference with prospective contract or business relations, and unfair competition by Defendant Becton, Dickinson and Company ("BD"). (Dkt. No. 73.) Before the Court is BD's Motion to Limit the Testimony of Plaintiff's Expert Dr. Doran Edwards. (Dkt. No. 168, filed January 11, 2012.)

## **APPLICABLE LAW**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152

("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

BD states that RTI proposes to call Dr. Edwards to offer his opinion for his conclusion that RTI's syringes are medically superior to other safety products. (Mot. at 1.) BD objects to Dr. Edwards' proposed testimony on several grounds.

1. BD objects to Dr. Edwards' proposed testimony because "[he] has admitted that his opinion regarding patient safe syringes is subjective." (Mot. at 3.) BD relies upon statements made by Dr. Edwards in his deposition – specifically, Dr. Edwards' statement that his opinion was "… my expert opinion, but it's not as a result of a scientific study…" (Edwards Dep. at 171:19-20.) This statement by Dr. Edwards came after Dr. Edwards identified "RTI's study … in which they used the Patient Safe and a BD product in a contaminated environment to see if there was any transmission of bacteria" as one basis for his opinion. (*Id*. at 170:9-12.) The statement on which BD relies also came after BD's counsel explicitly asked Dr. Edwards to identify "… any studies **other than the RTI study**." (*Id*. at 170:13-14.) (Emphasis added.) Dr. Edwards' expert report cites that study as one basis for his opinions. (Edwards Rpt. at par. 62.) To the extent BD takes issue with the bases of Dr. Edwards' opinion regarding Patient Safe syringes, those issues are best explored by vigorous cross-examination. *Mathis v. Exxon Corp.*, 302 F.3d at 461.

2. BD objects to Dr. Edwards' proposed testimony because "[his] opinion that BD's safety products increase needlesticks is based on flawed data." (Mot. at 4.) The Court notes that BD's initial characterization of their argument appears to be incorrect. BD's issue appears to be not with any flaw in the underlying data, but with Dr. Edwards' reliance on that data to form his opinion that "BD safety products have been shown to actually increase needlesticks." (*Id*.) More specifically, although BD cites to portions of the deposition where they and Dr. Edwards note that "just looking at the numbers themselves could be misleading," it is clear that this refers

to analysis and conclusions drawn solely from the raw data, not any error or flaw in the *raw data itself*. (*See, e.g.,* Edwards Dep. at 134:7-9.) BD correctly notes that causation cannot be conclusively determined based solely on a simple statistical correlation, but neither RTI nor Dr. Edwards made such a contention. (*See, e.g.,* Mot. at 5.) Rather, Dr. Edwards makes clear that he formed his expert opinion based in part on the raw data in question. (*See, e.g.*, Edwards Rpt. at par. 21-42.) To the extent that BD takes issue with Dr. Edwards' interpretation of the raw data or the other bases for his opinion, that issue is best explored by vigorous cross-examination. *Mathis v. Exxon Corp.*, 302 F.3d at 461.

## CONCLUSION

Having considered all of BD's objections to Dr. Edwards' opinions and proposed testimony, BD's Motion to Limit the Testimony of Plaintiff's Expert Dr. Doran Edwards (Dkt. No. 168) is **DENIED**.

**SIGNED this 26th day of August, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE