# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., et al. § § § v. § § BECTON, DICKINSON AND CO. § § § | Case No. 2:08-CV-16-LED-RSP |

## MEMORANDUM ORDER

Plaintiff Retractable Technologies, Inc. ("RTI") alleges violations of the Sherman and Clayton Acts, violations of the Texas Antitrust Act, false advertising in violation of the Lanham Act, product disparagement, tortious interference with prospective contract or business relations, and unfair competition by Defendant Becton, Dickinson and Company ("BD"). (Dkt. No. 73.) Before the Court is BD's Motion to Exclude the Testimony of Plaintiff's Expert Robert Maness. (Dkt. No. 373, filed March 25, 2013.)

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152

("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

BD lodges a number of objections to Mr. Maness' testimony.

1. BD first objects to Mr. Maness' opinions on safety syringe lost profits. BD argues that Mr. Maness' "benchmark" calculations are improper because "Maness has failed to show that his benchmark is 'nearly identical.'" (Mot. at 5.) BD thus contends that RTI's damages claims must be precise, and the benchmark 'nearly identical' in an absolute sense. However, that is not what the law requires – even the precedent cited by BD requires only that "the business used as a standard must be as nearly identical to [the subject of comparison] **as possible**." *Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 667 (5th Cir. 1974) (emphasis added). Furthermore, Courts have addressed objections like BD's on numerous occasions:

> Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise.

*Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (U.S. 1931) (citing *Eastman Kodak Co.* v. *Southern Photo Co.*, 273 U.S. 359, 379 (U.S. 1927)).  BD can point out on cross-examination its' belief that the customers with "loyalty clauses" are differently situated than those without. The Court finds that Mr. Maness' safety syringe damages calculations may assist the jury in determining the extent of damages as a matter of just and reasonable inference, and that BD has failed to show that Mr. Maness' underlying methodology is unreliable.

2. BD also objects to Mr. Maness' testimony on safety IV catheters and Patient Safe lost profits. (Mot. at 6.) These objections are similar in substance to the safety syringe lost

profits arguments dismissed above – BD's objections, at their core, go not to any unreliability in Mr. Maness' methodology, but to RTI's inability to precisely and definitively show lost profits (because the data BD seems to demand as a basis for such calculations does not exist). The Court finds that BD has not shown that Mr. Maness' methodology and opinions are unreliable, and that "[t]o deny the injured party the right to recover any actual damages in such cases, because they are of a nature which cannot be thus certainly measured, would be to enable parties to profit by, and speculate upon, their own wrongs, encourage violence and invite depredation. Such is not, and cannot be the law…" *Story Parchment,* 282 U.S. at 564 (citing *Gilbert v. Kennedy*, 22 Mich. 117 (Mich. 1871)).

      3.     Additionally, BD lodges three objections to Mr. Maness' analysis regarding lost profits for anticompetitive disparagement. (Mot. at 8.) The first, that Mr. Maness allegedly used an unreliable benchmark, is addressed above. BD also notes, however, that Mr. Maness' opinion improperly covers pre-2004 conduct and damages before Patient Safe syringes were on the market. (Id. at 9.) However, BD does not show specifically how Mr. Maness' calculations relate to either of these allegedly improper categories, and declined to address this issue when Mr. Maness' report was clarified by RTI's response. (Resp. at 14; *see generally* Dkt. 407). Finally, BD objects that Mr. Maness' deposition testimony contains "theories not contained in [his] report." (Mot. at 10.) The Court observes that BD points only to Mr. Maness' general statement that there are a number of disparaging acts allegedly committed by BD, but does not show with specificity how his opinion exceeds what is set forth in his report. These matters are more properly raised at trial, if and when the witness exceeds the scope of his report.

4. BD argues that the evidence regarding BD's revenues pertinent to Lanham Act damages should not be presented to a jury, but to the Court. (Mot. at 11.) RTI agrees. (Resp. at 15.) Thus, there is no dispute that requires resolution in this Order.

5. Finally, BD argues that Mr. Maness' updated damages are improper. The Court addressed this matter in its Order on BD's Motion to Strike the Untimely Supplemental Exhibits to the Expert Report. (Dkt. 523.) Furthermore, for the reasons set forth above, the Court is not persuaded that the foundations of Mr. Maness' opinions are unreliable, and that analysis extends to Mr. Maness' updated damages calculations.

## CONCLUSION

Having considered all of BD's objections to Mr. Maness' opinions and proposed testimony, BD's Motion to Exclude the Testimony of Plaintiff's Expert Robert Maness (Dkt. No. 373) is **DENIED**.

**SIGNED this 6th day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE