IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., et al. | § § § | |
| v. | § § | Case No. 2:08-CV-16-LED-RSP |
| BECTON, DICKINSON AND CO. | § § | |

## MEMORANDUM ORDER

Plaintiff Retractable Technologies, Inc. ("RTI") alleges violations of the Sherman and Clayton Acts, violations of the Texas Antitrust Act, false advertising in violation of the Lanham Act, product disparagement, tortious interference with prospective contract or business relations, and unfair competition by Defendant Becton, Dickinson and Company ("BD"). (Dkt. No. 73.) Before the Court is BD's Motion to Exclude the Testimony of Plaintiff's Expert Kathryn Duesman. (Dkt. No. 376, filed March 25, 2013.)

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad

discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

BD objects to Ms. Duesman's testimony on several grounds.

BD first objects to Ms. Duesman's opinions because the "1998 Duesman/Ross article entitled 'survey of accidental needlesticks in 26 facilities using VanishPoint Automated retraction syringe,' the underlying interviews, and Ms. Duesman's opinions based thereon should be excluded because they are unreliable." (Mot. at 4.) In support of this objection, BD states that "[n]o attempt was made to determine whether these people were providing truthful and reliable information on a topic–worker injuries–about which facilities may have reason not to make full disclosure to a stranger." (*Id*. at 5.)

BD's second objection is that the "2008 Duesman/Millogo article entitled 'advances in patient safety,' the underlying study, and Ms. Duesman's opinions thereon should be excluded because they are unreliable." (Mot. at 8.) BD's actual objections with regard to the 2008 article are less clear. BD first notes that the study in question was a laboratory study, rather than one performed on human subjects, but provides no reason that this would serve as a basis for exclusion. (*Id*.) BD also argues that the RTI-commissioned study did not link luer-tip contamination to bloodstream infections. (*Id*. at 8-9.) RTI does not dispute that the study has limitations: it was "designed to determine whether the luer tips of syringes were likely to become contaminated if the luer ends of the syringes were purposely exposed to bacteria, and then whether the bacteria would be transferred to fluid drawn into the syringe or infused through at needleless IV device." (Resp. at 7-8.)

While BD's motion is somewhat vague as to the opinions it seeks to exclude, that can fairly be attributed to the fact that RTI did not provide a meaningful "summary of the facts and opinions to which the witness is expected to testify" as required by Rule 26(a)(2)(C)(ii). RTI's

failure is likely due to the fact that it considers Ms. Duesman to be primarily a fact witness. *See* Dkt. No. 396 at 2.  While the disclosure concerning Ms. Duesman does state that some of her testimony "might be considered expert in nature," it simply refers BD to her many depositions: "Her opinions have been discussed in her depositions in this case (and presumably there will be additional questions in the future depositions) and the depositions and reports in the Abbott case." (Dkt. No. 376-2 at 6)  This is simply not a fair substitute for the summary required by Rule 26.  Accordingly, the Court will not permit RTI to offer expert opinion evidence through Ms. Duesman.

If there are true lay opinions RTI may offer them, but opinions based upon Ms. Duesman's training and experience as a nurse cannot be offered as lay opinions.  Rule 701 was amended in 2000 to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *See* Advisory Committee Notes to Rule 701.  Indeed, the case relied upon by RTI to support their argument that Ms. Duesman can testify through lay opinions, *Donlin v. Philips Lighting North America Corp.*, 564 F.3d 207, 214 (3rd 2009), reversed the district court for permitting such testimony.

The Court also has serious concerns about the methodology underlying the two articles described above, but need not reach that issue as Ms. Duesman will not be able to include the papers in her testimony, as an expert would.  The papers clearly contain a very large amount of hearsay, which could be relied upon by an expert under Rule 703 ("... need not be admissible for the opinion to be admitted"), but is inadmissible otherwise.

## CONCLUSION

Having considered all of the evidence and arguments of both sides, BD's Motion to Exclude the Testimony of Plaintiff's Expert Kathryn Duesman (Dkt. No. 376) is **GRANTED IN PART** as set out above.

**SIGNED this 6th day of September, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE