# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., et al., § § § *Plaintiffs,* § § v. § § BECTON, DICKINSON AND CO., § § *Defendant.* § | Case No. 2:08-CV-16 |

## ORDER

Before the Court is Defendant Becton, Dickinson and Company's Motion for Partial Summary Judgment on Patent Infringement as an Antitrust Violation (Dkt. No. 372, filed March 25, 2013). On August 5, 2013, the Magistrate Judge filed a Report and Recommendation, which recommends denying BD's motion. (Dkt. No. 474.) BD filed its Objections on August 8, 2013 (Dkt. No. 476), to which Plaintiff responded on May 20, 2013 (Dkt. 449) and BD replied on August 12, 2013 (Dkt. 484).

The objections raise no issues not already addressed in the R&R. The only binding precedent that BD urges the Court to apply here pertains to whether patent infringement may suffice as an antitrust **injury**, not whether patent infringement may comprise anticompetitive **conduct**, if there were some other injury to competition. The R&R correctly noted that *Kinnear-Weed*'s analysis that "patent infringement is not an injury cognizable under the Sherman Act" does not support BD's premise that patent infringement may never, as a matter of law, serve as anticompetitive *conduct* under the Sherman Act. (Dkt. 474 at 4.) Similarly, the other case cited by BD, from the Central District of California, provides little use to the instant case, as the Court provides no analysis other than "…this Court has not found any case where patent infringement

has been considered anticompetitive conduct." *Masimo v. Tyco Health Care*, 2004 WL 5907538, *12 (C.D. Cal. June 10, 2004). Even if this case did support BD's premise (that the absence of an affirmative statement that patent infringement could serve as anticompetitive conduct means that it could never do so), such a holding would be directly contrary to well-established Supreme Court precedent. *See United States v. American Tobacco Co.*, 221 U.S. 106, 181 (1911) (stating that the Sherman Act covers "every conceivable act which could possibly come within the spirit or purpose of the prohibitions of the law, without regard to the garb in which such acts were clothed").

BD has not shown that the conclusion of the Magistrate Judge was erroneous. Accordingly,

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. BD's Motion for Partial Summary Judgment on Patent Infringement as an Antitrust Violation (Dkt. No. 372) is **DENIED** for the reasons stated therein. Additionally, BD's Motion for Reconsideration of the Magistrate Judge's Order Denying BD's Renewed Motion in Limine Regarding the Status, Effect, and Inadmissibility of the Patent Infringement Allegations and Jury Verdict (Dkt. 507) is **DENIED** for the reasons set forth above and set forth in the Magistrate Judge's Order (Dkt. No. 481).

**So ORDERED and SIGNED this 9th day of September, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**