**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RETRACTABLE | § | |
| TECHNOLOGIES, INC., et al. | § | |
| | § | |
| v. | § | Case No. 2:08-CV-16-LED-RSP |
| | § | |
| BECTON, DICKINSON AND CO. | § | |

## <u>MEMORANDUM ORDER</u>

BD raises a number of objections (Dkt. No. 534) to Judge Payne's Order denying BD's Motion to Exclude the Testimony of Plaintiff's Expert Robert Maness.

The only new authority presented by BD is *Comcast Corp. v. Behrend*, a class action certification case where the Court stated that "[t]here is no question that the model failed to measure damages resulting from the particular antitrust injury on which petitioners' liability in this action is premised." No. 11-864, slip op. at 8 (Mar. 27, 2013). In *Behrend*, the plaintiffs' damages theory was based on four theories of antitrust liability, and "did not attribute damages to any one particular theory of anticompetitive impact." *Id*. at 9. The Court in *Behrend* had dismissed three of the four antitrust theories, and due to the indivisible nature of plaintiffs' damages calculations, the plaintiffs were unable to tie the damages theory to the single remaining theory of antitrust injury. *Id*. at 4, 11. This is not the case here, and BD has provided no support for the "disconnection" they allege exists between Mr. Maness' damages theories and RTI's theories of antitrust injury. (Obj. at 2-3.)

BD's remaining objections rehash the positions that Judge Payne correctly rejected. BD first alleges that "Judge Payne's misunderstanding of Maness's methodology underscores the confusion that the testimony will cause the jury," addressing Judge Payne's statement that "BD

can point out on cross-examination its' belief that the customers with 'loyalty clauses' are differently situated than those without." (Obj. at 3.; Order at 3). The language in Judge Payne's Order clearly addresses BD's allegation that Mr. Maness' opinion should have "classif[ied] customers as having or not having one of the contracts including the Challenged Contract Provisions," an issue which can easily be addressed on cross-examination (as Judge Payne correctly noted). (Mot. at 2.) BD's remaining objections simply restate the arguments made in its original motion, and fail to meet BD's burden of showing that Judge Payne's Order was clearly erroneous or contrary to law.

## CONCLUSION

BD has failed to show that the Order denying BD's Motion to Exclude the Testimony of Plaintiff's Expert Robert Maness was clearly erroneous and contrary to law. Thus, BD's Objections (Dkt. 545) are **OVERRULED** and the Court adopts the Order.

**So ORDERED and SIGNED this 11th day of September, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**