IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC. and THOMAS J. SHAW,<br><br>Plaintiffs,<br><br>v.<br><br>BECTON, DICKINSON & COMPANY,<br><br>Defendant. | § § § § § § § § § § § | Civil Action No. 2:08-cv-16 |

## VERDICT FORM

You, the jury, are to answer the following questions based on the evidence admitted at trial and according to the instructions the Court has given you. Start with Question No. 1 and proceed through this verdict form according to the directions provided.

### Question No. 1: Antitrust Claims

a. **Monopolization Claims.**

Do you find from a preponderance of the evidence that BD acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Retractable's business or property?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i. Safety syringes            No

ii. Conventional syringes     No

iii. Safety IV catheters      No

b. **Attempted Monopolization Claims.**

Do you find from a preponderance of the evidence that BD engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Retractable's business or property?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i. Safety syringes            Yes

ii. Conventional syringes     No

iii. Safety IV catheters      No

c. **Contractual Restraint of Trade Claims.**

Do you find from a preponderance of the evidence that BD entered into contracts or agreements with others in a manner that unreasonably restrained trade within the relevant markets, thereby proximately causing injury to Retractable's business or property?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i. Safety syringes     _No_

ii. Conventional syringes     _No_

iii. Safety IV catheters     _No_

d. **Exclusive Dealing Claims.**

Do you find from a preponderance of the evidence that BD entered into competition-restricting contracts with its customers that are substantially likely to decrease or restrict competition within the relevant markets, thereby proximately causing injury to Retractable's business or property?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i. Safety syringes     _No_

ii. Conventional syringes     _No_

iii. Safety IV catheters     _No_

*If you have answered "yes" to any of subparts a, b, c, or d of Question 1, proceed to Question 2. Otherwise, skip to Question 3.*

### Question No. 2: Damages for Antitrust Claims

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Retractable for the injury to its business or property that you have found in response to Question 1?

Answer in dollars and cents, if any, with respect to each of the following:

1. Anticompetitive Contracting Damages

    i.   Safety syringes              $ 0

    ii.  Conventional syringes        $ 0

    iii. Safety IV catheters          $ 0

2. Deception Damages

    Deception Regarding Safety Syringes    $ 113,508,014

*Proceed to Question 3.*

### Question No. 3: False Advertising Claims Under the Lanham Act

Do you find by a preponderance of the evidence that BD engaged in false advertising under the Lanham Act for any of the following categories or types of claims made in BD's advertising or promotional activities?

As to each category or type of claim, answer "yes" or "no" in the spaces provided:

i. Waste Space Claims — Yes

ii. Waste Space "Data on File" Claims — Yes

iii. World's Sharpest Needle Claims — Yes

iv. World's Sharpest Needle "Data on File" Claims — Yes

*Please sign the verdict form and hand it to the Court Security Officer.*

### CERTIFICATION OF UNANIMOUS VERDICT

We, the jury, have reached a unanimous verdict as reflected by our answers to the foregoing questions.

9/19/13
Date

Jury Foreperson