IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC. | § | |
| AND THOMAS J. SHAW, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | 2:08-cv-16-LED-RSP |
| v. | § | |
| | § | _____ |
| BECTON, DICKINSON AND COMPANY, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

---

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
### TO SEAL CERTAIN TRIAL EXHIBITS

---

Plaintiffs Retractable Technologies, Inc. and Thomas Shaw (collectively "RTI") hereby respond to Defendant Becton Dickinson and Company's ("BD") motion to seal certain trial exhibits (Dkt. 585).  BD's motion regarding the objected to exhibits should be denied because the public's right of access outweighs any threat of improper use of these documents by BD's competitors.

**A.      BACKGROUND**

Like in the vast majority of all current-day litigations, both parties produced millions of pages of documents bearing designations authorized by the February 15, 2011 Protective Order. (Dkt. 54).  Rather than simply sealing all exhibits that were designated under the protective order, the Court has provided the parties a chance to seal "highly confidential" exhibits to prevent disclosure.  (Dkt. 477, p. 2).  To this end, RTI has filed an unopposed motion to seal certain trial exhibits that related to RTI's confidential contracts and agreements with third

parties, financial data, confidential product complaints, list of customer contacts and confidential government filings.  (Dkt. 584).  By their nature, these types of documents are susceptible to improper use by interested third parties, and disclosure threatens to cause competitive harm to RTI and others.  RTI is NOT opposing BD's motion as it relates to these types of BD documents that were on the parties' exhibit lists as BD would face the same threats of competitive harm that RTI would face if these types of documents were disclosed.  RTI is opposing BD's improper attempt to seal its remaining exhibits because the balancing test between the public's common law right of access outweighs BD's desire for secrecy.

Of the 167 BD exhibits that were designated under the protective order on RTI's pre-admitted trial exhibit list, BD is now attempting to seal 144, which is 86%.  Likewise, BD is attempting to seal 49 of the 54 BD exhibits (91%) designated under the protective order on BD's own pre-admitted trial exhibit list.  Rather than limit its attempt to seal exhibits to only those that are susceptible to improper use, BD is attempting to seal nearly _all_ of its documents.  Furthermore, several of these documents were displayed and discussed during open court, and BD never made a request to seal the courtroom while any of these documents were discussed publicly.

## B.   **LEGAL STANDARD**

Courts have recognized that under normal circumstances the public has a common law right to inspect and copy court records.  *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978)).  "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness."  *Id.* at 849; *IP Innovation L.L.C. v. Red Hat, Inc.*,

No. 2:07-cv-447-RRR, Dkt. No. 271 at 1-2 (E.D. Tex. Sept. 21, 2010) (Rader, J., by designation).

This right is not absolute and the Court has discretion to seal records, balancing the public's right of access against the party's interest in nondisclosure of confidential information. *Van Waeyenberghe*, 990 F.2d at 848.   However, "[t]he district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987); *see also U.S. v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("the power to seal court records must be used sparingly in light of the public's right to access").  Before ordering documents to be sealed, a district court "must balance the public's common law right of access against the interests favoring non-disclosure." *Van Waeyenberghe*, 990 F.2d at 848.

## C.   <u>OBJECTED TO EXHIBITS</u>

RTI opposes BD's improper attempt to seal several of its admitted exhibits because BD's desire for secrecy does not overcome the strong presumption in favor of disclosure.  The exhibits RTI objects to being sealed fall generally into one or more of the following categories: 1) exhibits publicly displayed and discussed in open court, 2) exhibits relating to products no longer on the market, 3) exhibits relating to analysis or discussion of RTI or its products, or 4) non-current business or marketing plans.

BD's motion to seal lists several categories of exhibits along with BD's justifications for why those categories of exhibits should be sealed for which RTI is unopposed.  These include: BD contracts and documents containing current confidential sales and pricing information, BD documents containing financial information, BD product complaint records and documents containing confidential third party information produced by third parties.

1.      **Exhibits publicly displayed and discussed in open court**

Several of the exhibits that BD now wishes to seal were displayed and discussed openly and publicly in open court.  Significantly, not once during the two-week trial did BD request to seal the courtroom when these exhibits were discussed.  By failing to take any appropriate precautions at trial to preserve any confidential information within these exhibits, BD cannot now argue that additional public disclosure of these exhibits will present significant harm.  BD's late attempt to now seal these already disclosed exhibits is improper in light of BD's own failure to act to prevent the prior disclosure.  Whether one page of a voluminous exhibit or the entire exhibit was displayed and discussed is immaterial because BD never moved for or requested that the courtroom be sealed prior to a discussion of any specific part of any specific pre-admitted exhibit.  The exhibits for which RTI opposes BD's attempt to seal that were discussed or displayed in open court are shown in Table A below.

Furthermore, this same reasoning applies equally to all the pre-admitted exhibits regardless of whether they were displayed or discussed in open court.  The exhibits were pre-admitted, which means BD knew in advance that RTI had the right to publicly display or discuss them.  BD made no effort to prevent the use of these documents in open court through any pretrial motion.

One exhibit BD attempts to seal is DX 6004, which is the Third Amended Complaint filed by RTI against BD on January 17, 2003 in the prior litigation.  This exhibit was not sealed and is currently publicly available for anyone to view on the Court's CM/ECF system.  There is no reason it should be sealed now.

2.      <u>**Exhibits relating to products no longer on the market**</u>

BD is attempting to seal several documents that relate to products that BD is no longer offering in the market.  Specifically BD is attempting to seal exhibits related to its 1 mL Integra that has been off the market for over 4 years.  Additionally, BD is attempting to seal exhibits relating to the potential redesign of its 3 mL Integra, which BD never implemented.  BD has no justifiable reason why the disclosure of these exhibits would harm BD in such a way to overcome the strong presumption in favor of disclosure.  The exhibits for which RTI opposes BD's attempt to seal and that relate to products no longer on the market are shown in Table A below.

3.      <u>**Exhibits relating to RTI or its products**</u>

BD is attempting to seal internal BD documents that relate to RTI or its products.  BD has no demonstrable reason why disclosure of these documents to third parties would present any competitive harm to BD, let alone enough competitive harm to overcome the presumption in favor of disclosure.  Knowledge of BD's marketing plans regarding RTI and internal testing of features of RTI's products would provide a third party competitor no competitive advantage over BD.  The exhibits for which RTI opposes BD's attempt to seal that involve RTI or its products are shown in Table A below.

4.      <u>**Non-current business or marketing plans or communications**</u>

BD is attempting to seal internal BD business or marketing plans or communications that are several years old, outdated and not current.  Similar to above, BD has no demonstrable reason why these older business and marketing plans or communications could provide a competitor any competitive advantage.  Specifically, these types of documents which show older strategic decision-making or internal reactions to events is necessarily fact-specific and BD has

made no showing as to how any aspect of its decision-making as to these older particular matters would be helpful to anyone attempting to understand BD's <u>current</u> marketing strategy or other strategic decision-making.  *See In re Parmalat Securities Litig.*, 258 F.R.D. 236, 250-57 (S.D.N.Y. 2009) (finding that defendants have "failed to show that the disclosure of any of the particular documents in issue would reveal business information that is sufficiently valuable and secret that it could cause competitive harm").  The exhibits for which RTI opposes BD's attempt to seal that involve non-current business or marketing plans are shown in Table A below.

**5.**      **Categorization of exhibits objected to BD's attempt to seal**

Below is a table showing the exhibits that BD is attempting to seal which RTI is opposing along with the categorization of the exhibits into one or more of the categories discussed above.[1] The proper category for each exhibit is marked with the letter "X."  Some of the exhibits fit in more than one category.

**Table A: Categorization of Opposed Exhibits**

| Exhibit Number | Exhibits displayed or discussed in open court | Exhibits relating to products no longer being offered | Exhibits relating to RTI or its products | Non-current business/ marketing plans or communications |
|---|---|---|---|---|
| PX58 | | | | X |
| PX112 | | | | X |
| PX142 | X | | | X |
| PX143 | | | | X |
| PX144 | | | | X |
| PX255 | | | | X |
| PX256 | | | | X |
| PX267 | | | | X |
| PX271 | X | | | X |
| PX277 | X | X | | |
| PX277-b | X | X | | |
| PX289 | | | | X |
| PX302 | | | | X |

---

[1] RTI is withdrawing its opposition to BD's motion to seal the following exhibits, which RTI initially indicated to BD it would oppose: PX 121, PX 367, PX 930, DX 3333, and DX 3335.

| Exhibit Number | Exhibits displayed or discussed in open court | Exhibits relating to products no longer being offered | Exhibits relating to RTI or its products | Non-current business/ marketing plans or communications |
|---|---|---|---|---|
| PX319 | X | | | |
| PX321 | | | | X |
| PX323 | | | | X |
| PX329 | | | | X |
| PX344 | | | | X |
| PX548 | | | | X |
| PX560 | | | | X |
| PX562 | X | | | X |
| PX565 | X | | | X |
| PX568 | X | | | X |
| PX572 | X | | | X |
| PX614 | X | | X | |
| PX616 | X | | | X |
| PX617 | X | | | X |
| PX619 | | | | X |
| PX624 | X | | X | |
| PX628 | X | | X | |
| PX637 | X | | | X |
| PX638 | | | | X |
| PX641 | | | | X |
| PX696 | | | X | |
| PX697 | X | | | X |
| PX698 | | | X | |
| PX703 | X | | | |
| PX711 | X | | | X |
| PX713 | X | | | X |
| PX717 | | | | X |
| PX719 | | | | X |
| PX735 | | | | X |
| PX763 | X | | | X |
| PX783 | | | | X |
| PX793 | X | | | X |
| PX796 | X | | | X |
| PX815 | X | | | X |
| PX818 | | X | | |
| PX820 | X | X | | |
| PX821 | | | | X |
| PX823 | X | | | X |
| PX824 | | | | X |
| PX826 | | | | X |
| PX827 | X | | | X |

| Exhibit Number | Exhibits displayed or discussed in open court | Exhibits relating to products no longer being offered | Exhibits relating to RTI or its products | Non-current business/ marketing plans or communications |
|---|---|---|---|---|
| PX829 | X | | | X |
| PX831 | | | | X |
| PX835 | X | | | X |
| PX853 | | X | | X |
| PX856 | X | X | | X |
| PX857 | | X | | X |
| PX862 | X | X | | X |
| PX873 | | | | X |
| PX895 | X | | | X |
| PX920 | X | | | X |
| PX924 | | | | X |
| PX925 | | | | X |
| PX943 | X | | | |
| PX946 | | | | X |
| PX957 | X | | | X |
| PX961 | X | | | |
| PX962 | X | | | |
| PX971 | X | | | X |
| PX976 | X | | | X |
| PX977 | | | | X |
| PX991 | | | | X |
| PX994 | | | | X |
| PX998 | X | | | X |
| PX1032 | | | | X |
| PX1135 | | | | X |
| PX1139 | | | | X |
| PX1140 | | | | X |
| PX1190 | | | | X |
| PX1191 | | | | X |
| PX1192 | | | | X |
| PX1222 | | | | X |
| PX1223 | | | | X |
| PX1224 | | | | X |
| DX1635 | X | | | X |
| DX1792 | X | | X | X |
| DX1795 | X | | | X |
| DX1801 | | | X | X |
| DX1803 | | | X | X |
| DX1826 | | | | X |
| DX1838 | | | | X |
| DX2112 | X | | | X |

| Exhibit Number | Exhibits displayed or discussed in open court | Exhibits relating to products no longer being offered | Exhibits relating to RTI or its products | Non-current business/ marketing plans or communications |
|---|---|---|---|---|
| DX3325 | | | X | X |
| DX3494 | | | | X |
| DX4022 | | X | | |
| DX6000 | X | | X | |
| DX6004 | X | | | |

**D.** <u>**CONCLUSION**</u>

For the foregoing reasons, RTI respectfully requests that the Court deny BD's motion to seal the objected to exhibits identified above.

Date:  October 21, 2013

Respectfully submitted,

/s/ Roy W. Hardin
Roy W. Hardin
Texas Bar No. 08968300
Stephen D. Wilson
Texas Bar No. 24003187
Paul F. Schuster
Texas Bar No. 00784931
Mark R. Backofen
Texas Bar No. 24031838
Galyn Gafford
Texas Bar No. 24040938
Susan E. Adams
Texas Bar No. 24059354
Ellen Peeples
Texas Bar No. 24066797
LOCKE LORD, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
E-mail: rhardin@lockelord.com

Otis Carroll
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
IRELAND, CARROLL & KELLEY, PC

6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: ncrim@icklaw.com

G. William Lavender
State Bar No. 11999590
Lavender Law
210 N. State Line Ave., Suite 503
Texarkana, Arkansas 71854
Telephone: (870) 773-3187
Facsimile: (870) 773-3181
E-mail: blav@lavenderlaw.com

Jim Parsons
State Bar No. 00000065
Jim Parsons Law Offices
1007 N. Mallard St.
Palestine, Texas 75801
Telephone: (903) 723-0580
Facsimile: (903) 723-0580
E-mail: jparsons@jimparsons-law.com

Monty L. Ross
Texas Bar No. 17297300
Ross Barnes LLP
801 E. Campbell Road, Suite 390
Richardson, Texas 75081
Telephone: 214.420.2300
Facsimile: 214.420.2299
Email: mross@rossbarneslaw.com

ATTORNEYS FOR PLAINTIFFS
RETRACTABLE TECHNOLOGIES, INC.
AND THOMAS J. SHAW

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Roy W. Hardin