UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., and THOMAS J. SHAW | § § § | |
| | § | Civil Action No. 2:08-CV-16 |
| Plaintiff, | § § | |
| VS. | § § | Chief Judge Leonard Davis |
| BECTON, DICKINSON AND COMPANY | § § § | JURY TRIAL |
| Defendant. | § § | |

**DEFENDANT BECTON, DICKINSON AND COMPANY'S
BRIEF ADDRESSING SUPPLEMENTAL AUTHORITY IN SUPPORT OF
ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [Dkt. No. 589]**

Defendant Becton, Dickinson and Company ("BD") respectfully submits this Brief Addressing Supplemental Authority in Support of Its renewed Motion for Judgment as a Matter of Law (Dkt. 589) to inform the Court of a recent decision, *Eisai Inc.* v. *Sanofi-Aventis U.S., LLC*, No. 08-4168 (MLC) (D.N.J. Mar. 28, 2014), which is attached hereto as Exhibit A.

In *Eisai*, the court granted summary judgment dismissing, as a matter of law, antitrust claims based on deceptive and disparaging marketing practices. The court confirmed that false statements about a rival's products -- even when made by a monopolist, which BD is not -- are *not* actionable under Section 2 of the Sherman Act, except in the rarest of circumstances not present in either *Eisai* or this case. The decision provides further support for BD's Renewed Motion for Judgment as a Matter of Law (Doc. 589) on the ground that BD's "alleged deceptive marketing practices do not amount to an antitrust violation." (Ex. A at 90.)

*Eisai* is a monopolization and exclusive dealing case much like this one. It involves two pharmaceutical manufacturers. The plaintiff (Eisai) alleged that the defendant (Sanofi) violated the Sherman and Clayton Acts by entering into contracts with hospital-group-purchasing organizations (GPOs) that included "market-share" and "loyalty" discounts. (*Id.* at 7-10.) Eisai argued, based in part on the testimony of Einer Elhauge -- RTI's expert in this case -- that the volume and market-share discounts in Sanofi's GPO contracts were anticompetitive "disloyalty penalties" for failing to satisfy Sanofi's purchase requirements. (*Id.* at 9 n.6 & 65.)

Unlike BD, Sanofi was found to have monopoly power, with market shares as high as 92.3%. (*Id.* at 57.) Eisai argued that Sanofi unlawfully maintained its monopoly through deception of its customers and disparagement of its competitors. Sanofi was alleged, *inter alia*, to have misled physicians and hospital administrators about the medical risks and potential for litigation associated with using competitors' products. (*Id.* at 23-24.) Sanofi also allegedly "provided misinformation regarding 'the clinical efficacy of the drugs,' 'product availability,' and 'patient assistance.'" (*Id.* at 25.)

The court granted summary judgment for Sanofi. As to the contract and pricing claims, the court found that Eisai's argument that "Sanofi 'imposed disloyalty penalties'" was "a matter of semantics" (*id.* at 65) and that Eisai failed to prove a viable monopolization claim, as a matter of law, because defendant's market-share and volume discounts did not result in below-cost prices. (*Id.* at 70 (citing *Brooke Grp. Ltd.* v. *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 222-23 (1993)).) The court further held that Eisai failed to prove an exclusive dealing claim, as a matter of law, because the only consequence of not purchasing the required percentage of defendant's product was "that the customer 'simply lost its negotiated discount.'" (*Id.* at 71.)

Here, the jury has already rejected RTI's contract claims, so what is of most relevance is the *Eisai* court's dismissal of Eisai's claim that Sanofi's "deceptive marketing practices" violated the antitrust laws. Having held that the contracts did not violate the Sherman or Clayton Acts, the court found that it would be a "rare case" in which false statements about a rival to customers "in-and-of themselves would be sufficient to support an antitrust violation." (*Id.* at 89.) In most cases, "'deception, reprehensible as it is, can be of no consequence so far as the Sherman Act is concerned.'" (*Id.* (quoting *Santana Prods., Inc.* v. *Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 132 (3d Cir. 2005).) Furthermore, like RTI, Eisai failed to present any "evidence of hospitals' reliance on these alleged deceptive acts." (*Id.*) On the contrary, third-party witnesses from hospitals and healthcare providers testified that in making their purchasing decisions, "they would not rely on statements from sales representatives without independently verifying such statements." (*Id.*)

Like the plaintiff in *Eisai*, RTI has argued that allegedly deceptive marketing statements about a rival's products are, in-and-of themselves, sufficient to establish an antitrust violation. And, like the plaintiff in *Eisai*, RTI has failed to present any evidence that hospitals relied on BD's allegedly false and misleading statements. As in *Eisai*, hospital witnesses testified at trial that they made their purchasing decisions independently, without relying on manufacturers' marketing claims. (*See* Doc. 603, Ex. A ¶ 32.)

There is a significant difference between *Eisai* and this case -- and it highlights why judgment for BD is especially appropriate. In *Eisai*, the defendant was found to be a monopolist. Here, the jury found that BD was *not* a monopolist. While it would be a "rare case" where deception by an established monopolist could constitute anticompetitive conduct, it would be rarer still for deception by a *non-monopolist* to constitute a form of attempted monopolization.

3

For the foregoing reasons, we respectfully submit that the *Eisai* decision provides further persuasive authority in support of BD's Renewed Motion for Judgment as a Matter of Law.

April 17, 2014                                   Respectfully submitted,

/s/ *Samuel F. Baxter*
Samuel F. Baxter
Texas Bar No. 01938000
Robert Elkin
Texas Bar No. 06522600
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
E-mail: sbaxter@mckoolsmith.com

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Robert A. Atkins, Lead Attorney
Jacqueline P. Rubin
William B. Michael (admitted pro hac vice)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-mail: ratkins@paulweiss.com

BECK REDDEN, L.L.P.
Alistair B. Dawson
Texas Bar No. 05596100
Russell S. Post
Texas Bar No. 00797258
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-6225
Facsimile: (713) 951-3720
E-mail: adawson@brsfirm.com

***ATTORNEYS FOR DEFENDANT
BECTON, DICKINSON AND COMPANY***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically in compliance with Local Rule CV-5(a) on April 17, 2014. Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *Samuel F. Baxter*

McKool 984458v1