**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC. AND THOMAS J. SHAW,<br><br>                                  Plaintiff,<br>-against-<br><br>BECTON, DICKINSON AND COMPANY,<br><br>                                 Defendant. | Civil Action No. 2:08-cv-16<br><br>Chief Judge Leonard Davis<br><br>Jury Trial |

**DEFENDANT BECTON, DICKINSON AND COMPANY'S
<u>EMERGENCY MOTION FOR STAY OF INJUNCTION</u>**

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Robert A. Atkins, Lead Attorney
Jacqueline P. Rubin
William B. Michael (admitted pro hac vice)
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
E-mail:  ratkins@paulweiss.com

BECK REDDEN, L.L.P.
Alistair B. Dawson
Texas Bar No. 05596100
Russell S. Post
Texas Bar No. 00797258
B.D. Daniel
Texas Bar No. 05362200
1221 McKinney, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-6225
Facsimile:  (713) 951-3720
E-mail:  adawson@brsfirm.com

MCKOOL SMITH, P.C.
Samuel F. Baxter
Texas Bar No. 01938000
Robert Elkin
Texas Bar No. 06522600
104 East Houston, Suite 300
Marshall, Texas  75670
Telephone:  (903) 923-9000
Facsimile:  (903) 923-9099
E-mail:  sbaxter@mckoolsmith.com

*Attorneys for Defendant Becton, Dickinson and Company*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

I. BACKGROUND ............................................................................................................ 2

II. ARGUMENT .................................................................................................................. 3

    A. BD Is Likely to Succeed on the Merits on Appeal ................................................. 3

    B. BD Will Suffer Irreparable Injury If a Stay Is Not Granted, While RTI Will Not Suffer Any Injury If a Stay Is Granted ....................................................... 4

        1. BD Will Be Irreparably Harmed Absent a Stay .......................................... 4

        2. A Stay Will Not Substantially Injure RTI ................................................... 6

    C. The Public Interest Lies in Granting a Stay ............................................................ 6

III. CONCLUSION ............................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Elrod* v. *Burns*,
    427 U.S. 347 (1976) ...........................................................................................................5

*Hilton* v. *Braunskill*,
    481 U.S. 770 (1987)...........................................................................................................3

*Int'l Dairy Foods Ass'n* v. *Amestoy*,
    92 F.3d 67 (2d Cir. 1996) ..................................................................................................5

*Monsanto Co.* v. *Geertson Seed Farms*,
    561 U.S. 139 (2010) ..........................................................................................................4

*Oreck Direct, LLC* v. *Dyson, Inc.*,
    560 F.3d 398 (5th Cir. 2009) .............................................................................................3

*Nken* v. *Holder*,
    556 U.S. 418 (2009) ..........................................................................................................3

*Nw. Power Prods., Inc.* v. *Omark Indus., Inc.*,
    576 F.2d 83 (5th Cir. 1978) ...............................................................................................4

*Providence Journal Co.* v. *FBI*,
    595 F.2d 889 (1st Cir. 1979) .............................................................................................5

*Spectrum Sports, Inc.* v. *McQuillan*,
    506 U.S. 447 (1993)...........................................................................................................4

*Stearns Airport Equip. Co.* v. *FMC Corp.*,
    170 F.3d 518 (5th Cir. 1999) .............................................................................................4

*Zenith Radio Corp.* v. *Hazeltine Research, Inc.*,
    395 U.S. 100 (1969) ..........................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 62....................................................................................................................3

## **PRELIMINARY STATEMENT**

Defendant Becton, Dickinson and Company ("BD") moves to stay the mandatory injunction entered by this Court. If that injunction is not stayed pending appeal, BD will be compelled to distribute a written admission of wrongdoing to tens of thousands of customers by January 15, 2015 -- *i.e.*, before the United States Court of Appeals for the Fifth Circuit has the opportunity to review the verdict or the injunction. A stay is necessary to ensure that BD's appeal with respect to the injunction, and any relief ordered by the Fifth Circuit, is not meaningless.

Absent a stay postponing this Court's mandatory injunction requiring BD to notify all of its needle and syringe customers since 2004 that it "wrongfully" distributed "false and misleading" advertisements, there will be no way to undo the impact of the injunction, even if it is later modified or the verdict is reversed. BD will effectively be deprived of an appeal. There is no reason to permit that. All the grounds for a stay are present. BD respectfully submits that for the reasons argued in its Renewed Motion for Judgment as a Matter of Law, or Alternatively, for New Trial or Remittitur (Dkt. 589) and its Response to Plaintiffs' Motion for Injunctive Relief (Dkt. 605), it is likely to succeed on appeal; BD will be irreparably harmed if it must comply with the mandatory injunction before its appeal is decided; and neither Retractable Technologies, Inc. ("RTI") nor the public will be harmed by waiting for the Fifth Circuit to rule. RTI itself waited nearly a decade before seeking injunctive relief, BD has stopped using the challenged ads, and BD is prepared to post a supersedeas bond in order to secure RTI's rights pending appeal.

As the only substantial harm from denying this motion will fall on BD, a stay of the mandatory injunction should be granted pending appeal.

1

BD recognizes that its Emergency Motion for an Extension of Sixty Days to Comply with the Injunction Terms (Dkt. 654) remains pending.  But, given impending deadlines, BD feels constrained to now make this application for a stay pending appeal.

## I. BACKGROUND

On September 30, 2014, this Court denied BD's Renewed Motion for Judgment as a Matter of Law, or Alternatively, for New Trial or Remittitur.  (Dkt. 651.)  On November 10, 2014, this Court issued an order granting in part and denying in part RTI's request for injunctive relief (the "Injunction Order").  (Dkt. 652.)  In addition to certain prohibitory injunctions, this Court ordered four categories of mandatory injunctive relief:

1. BD shall notify all customers who purchased BD syringe products from July 2, 2004 to the date of this Order that BD wrongfully claimed that its syringe needles were sharper than competitors', including RTI's, and that its statement that it had "data on file" proving the sharpness claim was false and misleading.

2. BD shall notify all employees, customers, distributors, Group Purchasing Organizations, and government agencies that: (1) the dead space of the VanishPoint syringe has been within the ISO standard of 0.07 mL dating back to at least July of 2004; (2) that BD overstated the dead space of the VanishPoint syringe to represent that it was higher than BD's conventional syringe, Safety-Lok, SafetyGlide, and Eclipse products when it was actually less than all of those products and (3) that BD's statement that data on file was false and misleading. In addition, BD shall post the notice on its web site where information regarding syringes is presented and shall maintain such notice on its web site for a period of 3 years.

3. BD shall notify all of its employees, customers, distributors, Group Purchasing Organizations, and government agencies that its web site, cost calculator, printed materials and oral representations alleging that BD's syringes save medication as compared to Retractable's VanishPoint syringe were based on false and inaccurate measurements of Retractable's VanishPoint.  In addition, BD shall post this notice on its web site where information regarding syringes is presented and shall maintain such notice on its web site for a period of 3 years.

4. BD shall implement a comprehensive training program for its employees and distributors that specifically instructs employees and distributors not to use old marketing materials and not to make false representations regarding Retractable's VanishPoint syringes.

(Dkt. 652 at 15–16.) The Injunction Order requires BD to comply no later than January 15, 2015. BD filed a timely notice of appeal from the Injunction Order on December 8, 2014 (Dkt. 658.)

## II.     ARGUMENT

Under Rule 62 of the Federal Rules of Civil Procedure, a court may suspend an injunction "on terms for bond or other terms that secure the opposing party's rights" while an appeal challenging the judgment granting the injunction is pending. *See* Fed. R. Civ. P 62(c). A court considers four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton* v. *Braunskill*, 481 U.S. 770, 776 (1987). The purpose of a stay is to "hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken* v. *Holder*, 556 U.S. 418, 421 (2009).

Pursuant to Federal Rule of Civil Procedure 62(c), and in light of BD's offer to post a supersedeas bond, this Court should grant a stay of its mandatory injunctions pending appeal of the Injunction Order to the Fifth Circuit.

### A.     BD Is Likely to Succeed on the Merits on Appeal

For the reasons set forth in its Renewed Motion for Judgment as a Matter of Law, or Alternatively, for New Trial or Remittitur (Dkt. 589) and its Response to Plaintiffs' Motion for Injunctive Relief (Dkt. 605), BD respectfully submits that it is likely to succeed on the merits of its appeal. For example, and among other things:

- Because RTI's false advertising claims are based on advertising statements that were made by BD before the settlement and dismissal with prejudice of a prior lawsuit between BD and RTI, RTI's current false advertising claims are

3

- barred as a matter of law by *res judicata* under the Fifth Circuit's decision in *Oreck Direct, LLC* v. *Dyson, Inc.*, 560 F.3d 398, 403-04 (5th Cir. 2009).

- While the Injunction Order is based in large part on alleged deception through false advertising as a means of attempted monopolization, the Fifth Circuit's precedents establish that the alleged false advertising cannot, as a matter of law, constitute an antitrust violation. *See Stearns Airport Equip. Co.* v. *FMC Corp.*, 170 F.3d 518, 524 (5th Cir. 1999); *Nw. Power Prods., Inc.* v. *Omark Indus., Inc.*, 576 F.2d 83, 88-89 (5th Cir. 1978).

- Even if BD's underlying acts were considered anticompetitive, RTI failed to prove the essential element of an attempted monopolization claim: a "dangerous probability of actual monopolization." *Spectrum Sports, Inc.* v. *McQuillan*, 506 U.S. 447, 456 (1993).

- RTI did not establish, nor did the Court find, the required elements for the injunctions granted, including, for example, that BD's discontinued advertising poses a "present or imminent risk of likely irreparable injury" to RTI, *Monsanto Co.* v. *Geertson Seed Farms*, 561 U.S. 139, 162 (2010), or a "significant threat of injury from an impending violation of the antitrust laws or from a contemporary violation." *Zenith Radio Corp.* v. *Hazeltine Research, Inc.*, 395 U.S. 100, 130 (1969).

### B. BD Will Suffer Irreparable Injury If a Stay Is Not Granted, While RTI Will Not Suffer Any Injury If a Stay Is Granted

#### 1. BD Will Be Irreparably Harmed Absent a Stay

Absent a stay, BD will be obligated to comply with the mandatory injunctions no later than January 15, 2015. As for the prohibitory injunctions, BD already has ceased using the advertising claims in question. But absent a stay pending review of the liability verdict and the form of relief, BD will be forced by the mandatory injunctions to send written notices to tens of thousands of hospitals, healthcare providers, product distributors and government agencies that it "wrongfully" disseminated "false and misleading" claims about it syringes and needles. (*See* Dkt. 652 at 15–16.) This is no ordinary undertaking. Since 2004, BD has sold over 5 billion safety syringes and needles in fifty states and to all types of facilities, from large hospital chains to community health agencies to military bases to nursing homes. Once the mandated notices are delivered, they cannot be retrieved or undone. Thus, requiring BD to comply with the mandatory

injunctions while the appeal is pending would frustrate any appellate relief from those injunctions. If the Fifth Circuit were to reverse or modify the injunctions on appeal, BD could not "un-speak" its forced confessions.

The loss of an opportunity for effective appellate review is irreparable. *See, e.g.*, *Providence Journal Co.* v. *FBI*, 595 F.2d 889 (1st Cir. 1979). In *Providence Journal*, the district court issued a mandatory injunction order requiring the defendant to publicly disclose certain confidential documents. The defendant requested a stay of the order pending appeal, which the court of appeals granted. In concluding that a stay was warranted, the court reasoned that once the compelled disclosure was made, the "status quo could never be restored." *Id*. at 890. "Failure to grant a stay," therefore, would "entirely destroy appellants' right to secure meaningful review" of the order requiring disclosure. *Id*. Accordingly, the court found "the balance of hardship to favor the issuance of a stay." *Id*.

Here, similarly, the failure to grant a stay would destroy BD's right to meaningful review on appeal, causing irreparable injury to BD. Moreover, that injury would be especially acute because the mandatory injunctions threaten to infringe BD's First Amendment right to be free from compelled speech. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod* v. *Burns*, 427 U.S. 347, 373 (1976); *see also Int'l Dairy Foods Ass'n* v. *Amestoy,* 92 F.3d 67, 72 (2d Cir. 1996) (holding that "[b]ecause compelled speech contravenes core First Amendment values," compelled disclosures cause irreparable harm) (quotations omitted). A stay of the mandatory injunctions pending appeal is the only way to ensure meaningful appellate review and to preserve the prospect of meaningful appellate relief.

2. A Stay Will Not Substantially Injure RTI

By contrast, a stay will not "substantially injure" RTI. If RTI overcomes BD's *res judicata* defense, succeeds in defending the antitrust liability finding, and persuades the Fifth Circuit to affirm the terms of the injunctions, it will receive substantially the same benefit from BD's compliance after the appeal that it would gain from immediate compliance. Moreover, any risk to RTI from a stay can be mitigated by a bond securing the injunction.

RTI presumably will argue that even a temporary postponement of the mandatory injunctions will inflict grievous harm. If so, that will not square with RTI's own approach to the advertising claims at issue. RTI was fully aware of BD's needle sharpness and waste space claims when it settled the first case in 2004, which it did without requiring any consensual or judicial restraints on the continued use of those advertising claims. When RTI sued BD again in 2007, it did not even mention those claims. RTI waited more than six years after the prior settlement, until 2010, to allege that the needle sharpness and waste space claims were unlawful.

Were RTI's situation truly dire, and the need for communication to BD's customers truly an emergency, RTI would have acted as if time is of the essence. It did not. RTI did not move for any injunctive relief until after the trial in 2013 -- a decade or more after BD began making the product claims in question. Even then, RTI did not seek expedited briefing or an accelerated ruling. Given that BD has stopped using the challenged advertising claims, RTI did not treat the injunctions as an urgent matter. Nor should this Court.

In short, RTI will not be substantially injured if injunctive relief is delayed temporarily pending appeal.

C. **The Public Interest Lies in Granting a Stay**

The public interest also favors a stay pending appeal. A stay would serve the public interest in the orderly administration of justice, by preserving the opportunity for effective

6

appellate review of the Injunction Order. And just as a stay would cause no substantial harm to RTI's interests, a stay would cause no harm to the interests of the public.

BD already has discontinued use of the alleged false advertising claims. Thus, there is no ongoing (or threatened) conduct that could seriously affect the public. Even while the claims were being made, no one other than RTI ever complained about them. That RTI itself waited a decade or more to seek injunctive relief strongly suggests that a temporary postponement of that relief, to ensure effective appellate review, will not harm the public interest.

## III.   CONCLUSION

For the foregoing reasons, BD respectfully requests that the mandatory injunctions ordered by this Court be stayed pending BD's appeal of the Injunction Order.

December 8, 2014

Respectfully submitted,

/s/ *Samuel F. Baxter*
MCKOOL SMITH, P.C.
Samuel F. Baxter
Texas Bar No. 01938000
Robert Elkin
Texas Bar No. 06522600
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
E-mail: sbaxter@mckoolsmith.com

Robert A. Atkins, Lead Attorney
Jacqueline P. Rubin
William B. Michael (admitted pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-mail: ratkins@paulweiss.com

BECK REDDEN, L.L.P.
Alistair B. Dawson
Texas Bar No. 05596100
Russell S. Post
Texas Bar No. 00797258
B.D. Daniel
Texas Bar No. 05362200
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-6225
Facsimile: (713) 951-3720
E-mail: adawson@brsfirm.com

*Attorneys for Defendant*
*Becton, Dickinson and Company*

Certificate of Service

The undersigned hereby certifies that on December 8, 2014 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/  *Samuel F. Baxter*
Samuel F. Baxter

Certificate of Conference

The undersigned hereby certifies that counsel for Becton, Dickinson and Company conferred with counsel for Plaintiffs via telephone conference on December 8, 2014.  Counsel for Plaintiffs advised that Plaintiffs oppose this motion and intend to file an opposition.

/s/  *Samuel F. Baxter*
Samuel F. Baxter