IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., et al. | § § § | |
| v. | § | Case No. 2:08-CV-16 |
| BECTON, DICKINSON AND CO. | § § § | |

## ORDER

Before the Court is Retractable Technologies, Inc.'s ("RTI") Renewed Motion for Judgment as a Matter of Law for Monopolization of the Safety Syringe Market After Trial against Becton, Dickinson and Company ("BD") (Docket No. 586, the "Motion").

## APPLICABLE LAW

Judgment as a matter of law is only appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(A). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Grp., Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008). The Fifth Circuit "uses the same standard to review the verdict that the district court used in first passing on the motion." *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). Thus, a jury verdict must be upheld, and judgment as a matter of law may not be granted, unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id.* at 700. The jury's verdict must also be supported by "substantial evidence" in support of each element of the claims. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004).

A court reviews all evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). The moving party is entitled to judgment as a matter of law, "only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005).

Under Federal Rule of Civil Procedure 59, a new trial may be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985).

## ANALYSIS

RTI's basis for requesting judgment as a matter of law is narrow:

> The jury found BD liable for attempted monopolization of the safety syringe market. Therefore, the jury found the necessary anticompetitive conduct, causation, and injury elements of [RTI's] monopolization claim, but did not find that BD possessed monopoly power. Because there is no legally sufficient basis for a reasonable jury to determine that BD did not possess monopoly power in the safety syringe market, [RTI] is entitled to judgment as a matter of law.

Motion at 1–2. BD disagrees, and contends that the jury properly found that BD did not possess monopoly power. Docket No. 601 at 1.

RTI first points to BD's market share. At trial, the evidence showed that BD's market share had hovered around, or dropped below, 50% in the relevant market, and declined in the

relevant time frame. *See, e.g.*, 9/17 AM Tr. at 52-53; DX2155. BD's non-dominant, declining market share could serve as a proper basis for a jury to find that it lacked monopoly power. *See Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*, 732 F.2d 480, 489 & n.11 (5th Cir. 1984). RTI argues that the high barriers to entry mitigate BD's market share, but provides no reason why the jury was obligated to prioritize the barriers to entry—which were hotly debated at trial—over the persuasive and undisputed market share evidence.

RTI next contends that it proved that BD had "monopoly power by its ability to 'profitably raise prices substantially above the competitive level.'" Motion at 3, *citing United States v. Microsoft Corp.*, 253 F.3d 34, 51 (D.C. Cir. 2001). While evidence produced at trial arguably demonstrated that BD was able to charge a "pricing premium," high prices are not necessarily inconsistent with a finding of no monopoly power. The jury weighed that evidence, along with the evidence presented by BD that it contended showed that the market effectively constrained BD's pricing. *See, e.g.*, 9/17 AM Tr. at 55-57; DX2155; 9/16 PM Tr. at 187. The jury's finding that the balance of the evidence showed that BD lacked monopoly power was supported by sufficient evidence.

RTI's motion for judgment as a matter of law fails for at least the reasons set forth above with regard to monopoly power. BD adds that it disagrees with RTI's position that "if the Court finds that BD does have monopoly power, then RTI must win its monopolization claim." Docket 586 at 7. BD argues that the Court's analysis should not end in the event it finds that BD did possess monopoly power. *Id*. Because the jury possessed a legally sufficient evidentiary basis to find that BD lacked monopoly power, it is unnecessary to further address the substance of BD's fallback contention.

## CONCLUSION

For the reasons set forth above, the Court finds that the jury's verdict in this case was reasonable and supported by substantial evidence. Judgment as a matter of law is inappropriate because RTI has failed to show that a reasonable jury would not have a legally sufficient evidentiary basis to find for BD on the issues set forth above.

Accordingly, the Motion is **DENIED**.

**So ORDERED and SIGNED this 17th day of December, 2014.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**