# United States District Court
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., and THOMAS J SHAW | § § § § § § § § § | Civil Action No. 2:08-CV-00016<br>Judge Mazzant |
| v. | | |
| BECTON DICKINSON AND COMPANY | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Alter or Amend the Judgment (Dkt. #751). After reviewing the relevant pleadings, the Court denies Plaintiffs' motion.

## BACKGROUND

On August 17, 2017, the Court rendered final judgment and dismissed this case (Dkt. #750). Twenty-eight days later, on September 14, 2017, Plaintiffs filed the present motion to alter the judgment (Dkt. #751). On September 29, 2017, Defendant filed a response (Dkt. #754). On October 3, 2017, Plaintiffs filed a reply (Dkt. #755).

## LEGAL STANDARD

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas. Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In the Fifth Circuit, Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citations omitted). Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law;

(2) where the movant presents newly discovered evidence that was previously unavailable; or (3) where there has been a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id.* (citing *Marseilles Homeowners Condo. Ass'n v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

## ANALYSIS

Plaintiffs have not shown manifest errors of law or newly discovered evidence. *Templet*, 367 F.3d at 478-49. They have not shown (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Plaintiffs have simply failed to show they are entitled to the extraordinary relief provided for in Rule 59(e). *Templet*, 367 F.3d at 478.

Instead, Plaintiffs merely rehash arguments that could have been offered or raised before the judgment was issued. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). As such, the Court finds that its original decision should stand.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment (Dkt. #751) is **DENIED**.

**SIGNED this 27th day of October, 2017.**

*[signature: Amos Mazzant]*

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE